## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DEMOND WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

No. 4:17-CR-310-5 RLW

## **MEMORANDUM AND ORDER**

This closed criminal matter is before the Court on Defendant's pro se Motion for Compassionate Release/Reduction in Sentence under the First Step Act, 18 U.S.C. § 3582(c) (ECF No. 305). Defendant has filed several supplements to the Motion. (ECF Nos. 307, 309, 321). The Office of the Federal Public Defender filed a Notice that it does not intend to supplement or amend Defendant's pro se Motion. (ECF No. 319.) Defendant asks that he be immediately released or released to home confinement.[1] The Court will deny the Motion for the following reasons.

## **Background**

On July 12, 2017, Defendant was indicted on one count of Conspiracy to Distribute and Possess with Intent to Distribute Heroin and Marijuana in violation of 21 U.S.C. §§ 846, 841(a)(l), and 841(b)(l)(B); and one count of Possession of a Firearm in Furtherance of a Drug Trafficking

---

[1]The Court does not have authority to order the Bureau of Prisons to allow Defendant to serve out the remainder of his sentence on home confinement, as the designation of place of incarceration is a matter committed solely to the discretion of the BOP and the First Step Act did not change that. See Tapia v. United States, 564 U.S. 319, 331 (2011); United States v. Schaffer, No. 4:16-CR-426 CDP, slip op. at 7, n.3 (E.D. Mo. May 5, 2020).

Crime in violation of 18 U.S.C. § 924(c)(l)(A). Defendant pleaded guilty to count one of the indictment on September 25, 2018, and the Government later dismissed the firearm count.

The presentence investigation report ("PSR") determined Defendant's base offense level to be 28. (ECF No. 175, ¶ 48.) Defendant received a two-level increase for possession of a dangerous weapon, a firearm; and a three-level decrease for acceptance of responsibility for a total offense level of 27. (Id. ¶ 57.) Defendant had three criminal history points, establishing a Criminal History Category of II. (Id. ¶ 87.) Based on a Total Offense Level of 27 and a Criminal History Category of II, the guideline imprisonment range was from 78 months to 97 months. (Id. ¶ 120.) On March 22, 2017, the Court sentenced Defendant to a below-guidelines sentence of 70 months imprisonment and four years' supervised release.

The Bureau of Prisons ("BOP") placed Defendant at FCI Forrest City Low, in Forrest City, Arkansas. Now 37 years old, Defendant seeks release based on the extraordinary and compelling circumstances caused by the COVID-19 pandemic and the inability to observe social distancing in the prison environment. In a supporting memorandum, Defendant establishes that he requested a reduction in sentence from the Forrest City Low Warden based on concerns about COVID-19, but the request was denied. (ECF No. 309 at 4.)

Defendant states he has participated in numerous education programs including Parenting, HVAC, Philosophy, Re-Entry and You, Non-Residential Drug Abuse, Drug Abuse Education, Job Search, Basic Investing, Changing Direction, Billiards, and Time Management (ECF Nos. 305, 321). Defendant states he has completed 80-85% of his sentence and his home detention eligibility date is June 1, 2022. Defendant states his pre-release plan is to return to his home and trucking business, as he owns two trucks. (ECF No. 305). Defendant does not submit any documentation to support any of these statements but his motion is signed under penalty of perjury.

2

In his supporting memorandum, Defendant adds that he is a first time offender,[2] he has no detainers pending, and he has had no disciplinary incidents while in BOP custody, again with no supporting documentation. (ECF No. 309 at 3.) In a supplement titled "Judicial Notice," Defendant states he is a Black man "that smokes and by the C.D.C. that makes [him] high risk because of a compromised immune system." (ECF No. 321.) Defendant also states that Forrest City Low is a "hot spot with growing cases every day." (Id.)

## **Legal Standard**

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A narrow exception to this rule permits a court to "reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). The burden to establish that a sentence reduction is warranted under § 3582(c) rests with the Defendant. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

## **Discussion**

In the instant motion, Defendant has not provided any grounds for compassionate release apart from his general assertions concerning the COVID-19 pandemic. The only authority for modifying Defendant's sentence is under the compassionate release provisions of the First Step Act, 18 U.S.C. § 3582(c). In order to bring such a motion, Defendant must first request release from the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A). Defendant shows that he applied for release from the BOP prior to filing his motion in this Court and his application was denied. As a result, Defendant has met the statute's exhaustion requirement.

---

[2]This statement appears to be inaccurate, as the PSR reflects Defendant had three criminal history points and a Criminal History Category of II.

3

Turning to the merits, the only provision of the amended statute that would allow Defendant to be released is if the Court finds, "after considering the factors set forth in section 3553(a) to the extent they are applicable," that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute also provides—as it did before the passage of the First Step Act—that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[3] These portions of § 3582 existed before the First Step Act and were not changed by that law.

Sentencing Guideline section 1B1.13 and its Application Note 1 have not been amended to reflect the changes made by the First Step Act, because the United States Sentencing Commission has not had a quorum since the passage of the Act. Guidelines Section § 1B1.13 is inconsistent with the amended statute because it requires the Director of the Bureau of Prisons to make a motion for compassionate release. Application Note 1 is inconsistent with the new law because its list of specific reasons that could justify compassionate release (medical condition, age, family circumstances) are not required by the statute and its catch-all "other reasons" subsection requires the Director of the Bureau of Prisons to determine what are "extraordinary and compelling" reasons. For this reason, many courts have found that the guideline does not limit the factors a court may consider but instead merely provides helpful guidance of some factors. See, e.g., United States v. Schaffer, 4:16-CR-426-3 CDP, slip op. at 4-5 (E.D. Mo. May 5, 2020); United States v. Brown, 2020 WL 2091802 at *5-6 (S.D. Iowa Apr. 29, 2020); United States v.

---

[3]The other basis listed in the statute, which does not apply to Defendant, requires the defendant to be at least 70 years old and to have served at least 30 years in prison, among other things. 18 U.S.C. § 3582(c)(1)(A)(ii).

4

Marks, 2020 WL 1908911 (W.D.N.Y. Apr. 20, 2020); United States v. Resnick, 2020 WL 1658508 (S.D.N.Y. Apr. 2, 2020).

In addition, courts have concluded that the history of § 603 of the First Step Act along with its title, "Increasing the Use and Transparency of Compassionate Release," shows Congress intended to liberalize the use of compassionate release, and to accomplish that purpose courts cannot be limited to the same restrictive list that previously limited the BOP. See Schaffer, 4:16-CR-426-3 CDP, slip op. at 5; Marks, 2020 WL 1908911, at *5; Brown, 2020 WL 2091802, at *7. This Court concurs that while the guideline and its application note can provide helpful guidance, they do not limit the factors a district court can consider.

Defendant argues that extraordinary and compelling reasons for compassionate release exist because of COVID-19, which he argues poses an enhanced danger to anyone confined in prison because of the communal living situation, the impossibility of social distancing in the prison setting, and the general conditions including inadequate sanitation. He points out that the BOP Forrest City Low facility is especially hard hit with cases of COVID-19.

Defendant does not appear to have a medical history that makes possible exposure to COVID-19 especially dangerous for him, such that compassionate release is warranted. The PSR states that Defendant was shot in 2013, but he "reportedly has no adverse effects from being shot and is otherwise healthy." (ECF No. 175 ¶¶ 100-101). The Court accepts that Defendant is a smoker, but he offers no evidence to establish that he has a compromised immune system.

Defendant has two years left to serve on his sentence before he is eligible for release, and a reduction of sentence to time served would be a significant reduction. Defendant's offense conduct was serious, as he was convicted based on his involvement in a long-term, large scale drug trafficking organization trafficking heroin from Chicago to St. Louis, Cleveland and other areas.

5

Although Defendant was a lower level participant, acting as a courier transporting heroin and proceeds between higher-level participants and the source of the supply, he was responsible for more than 700 grams of heroin and possessed a weapon at the time of the transaction when he was arrested. Allowing Defendant to be released now would not reflect the seriousness of his offense and could give rise to unwarranted sentencing disparities, as three of Defendant's co-defendants still await trial. This would not be consistent with 18 U.S.C. § 3553(a).

The Court is aware that Forrest City Low has had a significant outbreak of COVID-19, but the number of active cases there has declined from 511 on June 8, 2020, to the current number of 140 active cases with 553 recovered cases on June 23, 2020, with no inmate or staff deaths.[4] The Bureau of Prisons has instituted numerous procedures designed to control the spread of the disease and those efforts appear to be making progress toward that goal at Forrest City Low.

Based on the foregoing, a reduction of sentence does not appear warranted under 18 U.S.C. § 3582(c) or the First Step Act for extraordinary and compelling reasons. Defendant is not at least 70 years of age; he does not present evidence of either a medical condition, family circumstance, and/or other reason to consider as defined in the statute and U.S.S.G. § 1B1.13.

As to COVID-19, the Court recognizes there is no doubt that being in prison is dangerous for all prisoners during this pandemic. The fact of the pandemic does not constitute extraordinary and compelling circumstances that can allow all prisoners to be released, however. Defendant argues he faces an increased risk of contracting COVID-19 if he remains in custody, but risk applies to anyone in custody, at a halfway house, or anywhere in the community. It appears at

---

[4]Current figures are based on data available at the BOP's COVID-19 Coronavirus webpage, https://www.bop.gov/coronavirus/, last visited June 23, 2020. For historical figures, the Court has kept its own record of Forrest City Low's active case count based on data from the BOP webpage.

this time that Defendant is not at particular risk as a result of medical conditions, and can be cared for by medical professionals within the BOP. Defendant fails to show that concerns about the spread of COVID-19, without other factors to consider in his particular case, present extraordinary and compelling reasons that warrant modification of his sentence and immediate release from custody.

The Court commends Defendant for his apparent good behavior during prison, along with his extensive educational efforts.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's pro se Motion for Compassionate Release/Reduction in Sentence under the First Step Act, 18 U.S.C. § 3582(c), (ECF No. 305) is **DENIED**.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this _24th_ day of June, 2020.

7