IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:17-cr-310-RLW ) |
| DEMOND WILLIAMS, | ) ) |
| Defendant. | ) ) |

**<u>Second Supplement to Defendant's Motion to Reconsider</u>**

Mr. Williams files this supplement to alert the Court that several circuit courts have recently affirmed this Court's broad discretion to find "extraordinary and compelling" reasons under 18 U.S.C. § 3582(c)(1)(A), regardless of U.S.S.G. § 1B1.13. The Second Circuit in *United States v. Booker*, agreed with the majority of lower courts "that, despite Application Note 1(D) [of U.S.S.G. § 1B1.13], the First Step Act freed district courts to exercise their discretion in determining what are extraordinary circumstances." 976 F.3d 228, 234 (2d Cir. 2020). The Second Circuit then went further, finding it "manifest" that section 1B1.13's language "is clearly outdated and cannot be fully applicable." *Id.* at 235. As a result, "the First Step Act freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release. Neither Application Note 1(D), nor anything else in the now-outdated version of Guideline § 1B1.13, limits the district court's discretion." *Id.* at 237.

The Sixth Circuit recently followed suit in *United States v. Jones*, holding "that U.S.S.G. § 1B1.13 is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release." --- F.3d ---, 2020 WL 6817488, at *6 (6th Cir. Nov. 20, 2020). Stressing the need for court discretion after the First Step Act, the Sixth Circuit found the "BOP denied or ignored more than 98% of compassionate release requests in the first three months of the pandemic." *Id.* at *5. Consistent with Congressional intent and "unhindered by the BOP's procedural bars, incarcerated persons' filing and federal courts' granting § 3582(c)(1)(A) motions have surged this year. 10,940 federal prisoners applied for compassionate release between March and May 2020, . . . and federal courts have compassionately released an estimated 1,700 persons in 2020 so far." *Id.; see also United States v. Gunn*, --- F.3d ---, 2020 WL 6813995, at *2 (7th Cir. Nov. 20, 2020) (finding the "Sentencing Commission has not yet issued a policy statement 'applicable' to Gunn's [compassionate release] request").

This Court, therefore, is not hindered by section 1B1.13's requirements to grant Mr. Williams compassionate release.

DATED: November 23, 2020

Respectfully submitted,

/s/ Rachel M. Korenblat
RACHEL M. KORENBLAT
Assistant Federal Public Defender
St. Louis, Missouri 63101
Telephone: (314) 241-1255
Fax: (314) 421-3177
E-mail: Rachel_Korenblat@fd.org

ATTORNEY FOR DEFENDANT

**Certificate of Service**

I hereby certify that on November 23, 2020 the foregoing was filed electronically with the Clerk of the Court to be served via ECF upon Tiffany Becker, Assistant United States Attorney.

        /s/Rachel Korenblat
        RACHEL KORENBLAT
        Assistant Federal Public Defender